**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELEANOR RIGGIO; CHESTER WISE; DEE ADAMS; BARRY MANN; ARTHUR SHAW; JAMES STICKLE; FRANK ACUNA, on behalf of themselves and all employees similarly situated,

    Plaintiffs - Appellants,

 v.

SERVICE CORPORATION INTERNATIONAL; SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE INCORPORATED; SCI WESTERN MARKET SUPPORT CENTER LP, AKA SCI Western Market Support Center Incorporated; JANE D. JONES; GWEN PETTEWAY; THOMAS RYAN; SCI 401K RETIREMENT SAVINGS PLAN; JULIE DOUGLAS,

    Defendants - Appellees.

No. 11-15696

D.C. No. 2:10-cv-01265-MHM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted August 8, 2012
San Francisco, California

Before: CALLAHAN and WATFORD, Circuit Judges, and SINGLETON, Senior District Judge.[**]

    The district court erred in applying res judicata to dismiss this case because the *Stickle* action in which the claims at issue were raised had not yet reached final judgment. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Even assuming the order deeming those claims waived constituted an adjudication on the merits, it would have been an interlocutory order that – absent certification under Rule 54(b) – was not yet entitled to res judicata effect. *See Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987); *see also Clausen Co. v. Dynatron/Bondo Corp.*, 889 F.2d 459, 466 (3d Cir. 1989) (district court order disposing of second count of infringement was interlocutory because first count was still pending and thus had no res judicata effect); *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1270 (5th Cir. 1986) (noting that "partial summary judgment orders lack the finality necessary for preclusion").

    Appellees argue for the first time on appeal that the case should be dismissed as duplicative of the ongoing *Stickle* action under *Adams v. California Department*

---

[**]    The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

*of Health Services*, 487 F.3d 684 (9th Cir. 2007). Although we held in *Adams* that the district court had not abused its discretion in dismissing the action as duplicative, we recognized that it also had discretion to consolidate the two actions or to stay or enjoin proceedings. *See id.* at 692. Here, because the district court dismissed the case under res judicata, it has not yet decided whether to exercise its discretion under *Adams*. Given subsequent developments in the *Stickle* action, we believe it is prudent to allow the district court to decide whether to exercise its discretion in the first instance. Accordingly, without expressing any view as to the proper result, we remand the case to the district court to decide whether to allow the action to proceed or, under *Adams*, to dismiss the action, consolidate it with the *Stickle* action, or stay or enjoin proceedings.

      **VACATED AND REMANDED.**